**Kathryn Ann McBRIDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–96–00095–CR.**

Court of Appeals of Texas, Texarkana.

Submitted April 3, 1997.

Decided April 4, 1997.

Rehearing Overruled May 28, 1997.

Dan Hennigan, Houston, for appellant.

Alan Curry, Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

GRANT, Justice.

Kathryn McBride appeals from her conviction on her plea of guilty for the offense of driving while intoxicated. In her sole point of error, she contends that the trial court erred by overruling her pretrial motion to

suppress the results of an intoxilyzer examination.

McBride contends that the court erred because the authorizing statute permits only an *arresting* officer with reasonable cause to believe that a person is operating a vehicle in a public place to request that she provide a specimen of breath or blood.

The chain of events unfolded in this fashion. Officer Hiarker stopped McBride after seeing her weave through traffic. He smelled alcohol on her breath and asked her if she had been drinking. Officer Hiarker then called Officer Bullin to assist, because his shift was about to end and he had no desire to spend the additional time necessary to process McBride. When Officer Bullin arrived, he had McBride perform field sobriety tests, which she failed. Officer Bullin then took McBride to the police station and left her near the intoxylizer room. The operator, Officer Lambright, took her from that location, informed her of her rights, asked her to submit to the intoxylizer test and after she agreed, administered the test. McBride's complaint is that this intoxylizer test was taken involuntarily.

McBride contends that this sequence violates the explicit requirements of TEX. TRANSP. CODE ANN. §§ 724.011–724.019 (Vernon Supp.1997). The relevant part of Section 724.012 provides that:

> (a) One or more specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person while intoxicated was operating a motor vehicle in a public place, or a watercraft.

McBride contends that this section requires that the specimen may be taken only if requested by the same individual who observed the person operating a vehicle (who therefore had reasonable grounds) to believe that the person was intoxicated. She supports her interpretation with the next portion of the section. In Section 724.012(b), the statute provides that:

> (b) A peace officer shall require the taking of a specimen of the person's breath or blood if:

> (1) the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft;

> (2) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense;

> (3) at the time of the arrest the officer reasonably believes that a person has died or will die as a direct result of the accident; and

> (4) the person refuses the officer's request to submit to the taking of a specimen voluntarily.

McBride notes that this section provides that a peace officer shall require the sample if "the officer" arrests, and if "the officer believes," and if the person refuses "the officer's request." She contends that this language means that only a single officer may be involved and that multiple officers may not rely on each other's actions or knowledge in reaching the multiple conclusions required by the statute in order to require the taking of a specimen.

Section 724.012(b) is written in the conjunctive, and this case does not meet its requirements. Three essential elements are missing: (1) there was no accident, (2) there was no death or danger of death as a result of her acts, and (3) McBride did not refuse a request to submit a specimen. Thus, Section 724.012(b) is not applicable to this case.

■ She also supports her contention that the reference to "a peace officer" in Section 724.012(a) means that the same officer must observe, arrest, transport, and inform the suspect by arguing that similar language in Section 724.015 also requires this conclusion. That section states that "Before requesting a person to submit to the taking of a specimen, *the officer* shall inform [the person of the consequences of refusal to submit]" (emphasis added).

We have been cited to no cases, and we are aware of none, that address this argument under this statute. There are cases in other contexts that would support a contrary interpretation of this statute. For example, in

*Astran v. State,* 799 S.W.2d 761 (Tex.Crim. App.1990), the court confirmed a long-standing interpretation providing that when an officer made an arrest without a warrant under the authority of TEX.CODE CRIM. PROC. ANN. art. 14.01 (Vernon 1977), the arresting officer could rely on observations made by a different officer about which he had been informed. Thus, the arresting officer did not need to have personally observed the criminal act, but could rely on the observations of a fellow officer in making a warrantless arrest. *See Pyles v. State,* 755 S.W.2d 98, 109 (Tex.Crim.App.), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988).

Similarly, the Houston court has recently applied this rationale to a situation where an investigative detention was based on relayed information from one officer to another, holding that reasonable suspicion may be transferred from one officer to another so that a valid detention may be effected. *Willhite v. State,* 937 S.W.2d 604 (Tex.App.-Houston [1st Dist.] 1996, no pet. h.).

■ In a comparable analysis, the courts hold that probable cause exists "when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that, more likely than not," a particular suspect has committed the crime. *Castillo v. State,* 818 S.W.2d 803, 805 n. 4 (Tex.Crim.App.1991). In determining whether probable cause existed for the arrest, we examine the cumulative information known to all the officers who cooperated in the arrest. *Muniz v. State,* 851 S.W.2d 238, 251 (Tex. Crim.App.1993). When several officers are cooperating, their cumulative information is to be considered in determining whether reasonable suspicion exists at the time of the stop in connection with a subsequent search. *Hoag v. State,* 728 S.W.2d 375, 380 (Tex. Crim.App.1987). Where an investigating officer has sufficient knowledge to constitute probable cause, he need not detail such knowledge to the arresting officer. *Fonseca v. State,* 881 S.W.2d 144, 150 (Tex.App.-Corpus Christi 1994, no pet.); *see Tarpley v. State,* 565 S.W.2d 525, 530 (Tex.Crim.App. [Panel Op.] 1978) (arresting officer justified in arresting appellant upon information relayed by security officer in credit card abuse case).

■ Similarly, where an arrest is made pursuant to a police broadcast, the test for probable cause is the sufficiency of the information known to the officer who made the broadcast request. *Crane v. State,* 786 S.W.2d 338 (Tex.Crim.App.1990); *Reese v. State,* 846 S.W.2d 351, 353 (Tex.App.-Tyler 1992, no pet.).

We see no reason why one officer should not be able to rely on the statements and observations of another in this particular context.

McBride also contends under this argument that the fact that one officer left her outside the intoxilyzer room before she gave consent constitutes a coercive act; thus, her consent was involuntary as a matter of law. This argument appears to be based upon the stricture of *Erdman v. State,* stating that if the statutory scheme is not properly followed, and an improper warning is given that misstates the direct statutory consequences arising from a refusal to submit, then no rational fact finder could conclude that the consent was voluntary. 861 S.W.2d 890, 893 (Tex.Crim.App.1993) (the suspect was informed that he would be jailed and charged with D.W.I.). The State does not base its argument upon consent, but contends that the proper statutory procedures were followed. We agree. The point of error is overruled.

The judgment of the trial court is affirmed.