The TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Richard Charles WALTER, Appellee.

No. 14–97–00449–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1998.

Stacy Suzette Billedo, Houston, John C. West, Jr., Janette Lorie Ansolabehere, Austin, for appellant.

Stanley G. McGee, Angelton, for appellee.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant, the Texas Department of Public Safety (DPS), challenges a county court at law judgment reversing an administrative order sustaining the suspension of appellee Richard Charles Walter's license to drive. *See* TEX. TRANSP. CODE ANN. §§ 724.042, 724.04 (Vernon Pamph.1998). In seven points of error, the DPS alleges the county court at law erred by reversing the suspension order and by making an implied finding that (1) Walter was improperly served with notice of suspension; (2) the administrative law judge improperly admitted several documents; (3) the request for a breath specimen

was improper; (4) the order of suspension was improper; and (5) the DPS failed to prove the trooper gave Walter the required DWI statutory warnings prior to requesting a breath sample. We reverse and render.

### Background and Procedural Posture

DPS Trooper Barry Adams, accompanied by his partner, Trooper Alfredo Salcido, arrested Walter for driving while intoxicated (DWI). The troopers transported Walter to the Clute Police Station where Salcido administered the required Statutory DWI Warning and requested Walter submit to a breath test. Walter refused and Salcido served him with a Notice of Suspension. Walter requested an administrative hearing pursuant to Chapter 724 of the Texas Transportation Code.

At the hearing, the administrative law judge admitted the Peace Officer's Sworn Report and the Statutory DWI Warning over Walter's objection, and admitted the Notice of Suspension. Trooper Adams stated in the Sworn Report that he observed Walter fail to maintain a single marked lane and to change lanes without signaling. After stopping the vehicle, the trooper noticed Walter smelled strongly of alcohol and his balance was "somewhat unstable." Adams conducted several field sobriety tests and noted that Walter completed several tasks but his balance was unstable. Adams further stated that Walter did not complete the alphabet test correctly and did not follow instructions in counting his fingers. Adams administered the Horizontal Gaze Nystagmus test and observed six points of nystagmus in Walter. Adams attested that he placed Walter under arrest for DWI and Walter was transported to the Clute Police Department, read the Statutory DWI Warning, and offered a breath test, which he refused. Adams stated he then served Walter with the Notice of Suspension.

Both Trooper Salcido and Walter testified at the administrative hearing. Salcido repeatedly stated he did not have a good recollection of the actual stop and investigation of Walter. He did, however, recall that, as backup officer, he assisted Adams by reading the Statutory DWI Warning to Walter and serving Walter with the Notice of Suspension. The two documents bear his signature.

Walter testified that he consumed three beers and other beverages between 11:00 a.m. and 4:00 to 4:30 p.m. on the day of the arrest. He said he may have violated a traffic law when stopped by Adams, but he did not fail to stay in a single lane. Walter claimed that he said the alphabet correctly and performed the finger count correctly but he repeated the finger count four times instead of three because he was nervous. He stated he was able to perform other field sobriety tests. At the Clute Police Station, Walter attested, Salcido went through the forms and Adams told him if he didn't take the breath test, he was going to jail, but if he took the test and passed it, he could go home.

After hearing testimony, the administrative law judge requested the DPS provide her with the videotape of the arrest. Then, after hearing argument from counsel for both parties, the administrative law judge closed the hearing. In her Administrative Decision, the administrative law judge found Trooper Adams had reasonable suspicion to stop Walter for changing lanes without signaling and failing to maintain a single lane, and probable cause to arrest Walter for DWI. The judge concluded the DPS proved the issues set forth in Section 724.043 of the transportation code and sustained the suspension of Walter's license for ninety days.

Walter appealed the order of the administrative law judge to the county court at law. In his Original Petition to Set Aside Administrative Order of Suspension and for Restricted License, Walter alleged he was deprived of due process of law and there was "no factual or legal basis" upon which the administrative law judge based the order of suspension. In addition, he stated the administrative law judged erred in (1) admitting the Statutory DWI Warning, the Notice of Suspension, and the Sworn Report based on Section 524.011(a)(1) of the transportation code, and (2) granting the DPS petition to suspend his license because the arresting officer was not the person who requested him to submit to a breath test as required by Section 724.012(b)(1) of the transportation code and the evidence was insufficient to

support the suspension. After a hearing, the county court at law granted Walter's petition and set aside the order of the administrative law judge.

### Service of Notice of Suspension

In its first two points of error, the DPS argues the county court at law erred in reversing the decision of the administrative law judge based on implied holdings that (1) Walter was improperly served the Notice of Suspension because Salcido, and not Adams, the arresting officer, served him with notice, and (2) the DPS did not show compliance with Section 524.011(a)(1) of the transportation code at the administrative hearing. Section 524.011(a)(1) provides that an officer arresting a person for DWI or an offense under Section 49.07 or 49.08 of the penal code involving the operation of a motor vehicle shall comply with Subsection (b) if the person submits to the taking of a breath or blood specimen and an analysis of the specimen shows the person was intoxicated. *See* TEX. TRANSP. CODE ANN. § 524.011(a)(1) (Vernon Pamph.1998). Subsection (b) requires the officer to serve the person with notice of driver's license suspension. *Id.* § 524.011(b)(1). Section 524.011, however, does not apply to license suspensions when the driver refuses to submit to the taking of a breath or blood specimen. *See id.* (stating applicability to those who submit to tests). Because Walter refused to submit to the taking of a breath or blood sample, the DPS did not improperly serve Walter with notice under Section 524.011 and was not required to show compliance with Section 524.011 at the administrative hearing.

■ On the other hand, Section 724.032 of the transportation code requires a peace officer to provide Notice of Suspension when a person refuses to submit to the taking of a breath sample; it does not specify which peace officer. *Id.* § 724.032(a). Furthermore, compliance with Section 724.032 is not one of the issues the DPS must prove at an administrative license suspension hearing. *See id.* § 724.042. The county court at law erred in reversing the decision of the administrative law judge based on implied holdings that Walter was improperly served with No-

tice of Suspension and the DPS did not show compliance with Section 524.011(a)(1) of the transportation code at the administrative hearing. Accordingly, we sustain the DPS's first and second points of error.

### Request for Breath Sample

In points three and four, the DPS contends the county court at law erred in reversing the decision of the administrative law judge based on an implied holding that Trooper Salcido's request that Walter give a breath sample was improper because Salcido, and not Trooper Adams who was the arresting officer, requested the breath sample as required by Section 724.012(a) and (b)(1) of the transportation code. Section 724.012 provides that one or more specimens of a person's breath or blood may be taken if the person is arrested and *at the request of a peace officer having reasonable grounds to believe the person was intoxicated while operating a motor vehicle in a public place.* *See* TEX. TRANSP. CODE ANN. § 724.012(a)(1) (Vernon Pamph.1998) (emphasis added).

The Texarkana Court of Appeals addressed the same issue in *McBride v. State,* 946 S.W.2d 100, 101–02 (Tex.App.—Texarkana 1997, pet. ref'd). After reviewing case law in other contexts where cumulative or shared knowledge of several police officers is sufficient to establish reasonable belief or probable cause, the *McBride* court stated, "We see no reason why one officer should not be able to rely on the statements and observations of another in this particular context." *See id.* at 102. We agree with the reasoning of our sister court and adopt its interpretation of Section 724.012(a).

■ Here, Trooper Salcido was present when Adams stopped Walter's vehicle and administered the field sobriety tests to Walter. He accompanied Walter and Adams to the police station and under Trooper Adams's direction, he administered the Statutory DWI Warning to Walter and requested a breath specimen from Walter. Based on these facts, we find Salcido had reasonable belief that Walter was driving while intoxicated.

Section 724.012(b), on the other hand, applies to cases in which there has been an accident. *See* TEX. TRANSP. CODE ANN. § 724.012(b) (Vernon Pamph.1998). Walter was not involved in an accident, therefore, Section 724.012(b) does not apply in this case.

The county court at law erred in reversing the decision of the administrative law judge based on an implied holding that Trooper Salcido's request that Walter give a breath sample was improper. We sustain the DPS's third and fourth points of error.

### Admission of Sworn Report and Statutory DWI Warning

In its fifth point of error, the DPS alleges the county court at law erred when it impliedly held the administrative law judge improperly admitted the Peace Officer's Sworn Report and the Statutory DWI Warning into evidence. At the administrative hearing, Walter objected to the admission of the Sworn Report on the grounds that the breath test operator was not present at the hearing as requested, and Trooper Adams was not present at the hearing, thus denying him the right to confront and cross-examine the arresting officer. Walter objected to the Statutory Warning, alleging it conflicted with the Sworn Report. On voir dire, Trooper Salcido attested he administered the Statutory Warning. Walter contended this testimony conflicts with Trooper Adams's statement in the Sworn Report that he administered the Statutory DWI Warning.

The administrative law judge overruled both objections. In overruling Walter's objection to the Sworn Report, the administrative law judge said, "I understand your objection dealing with Mr. Adams being a breath test operator. Nevertheless, any officer, whether they're a breath test operator or not, can read the statutory warnings. It doesn't require an expertise. And, again, this is a refusal case." As to Walter's objection to the admission of the Statutory DWI Warning, the administrative law judge said, "This is sufficiency argument [sic], not to the admissibility."

Section 524.039 of the transportation code requires a breath test operator to appear at the administrative hearing, if requested, when the driver has submitted to the taking of a breath sample. *See* TEX. TRANSP. CODE ANN. § 524.039(a) (Vernon Pamph.1998). The Legislature made no such requirement when a driver refuses to submit to the taking of breath or blood sample.

■ Section 159.23(c)(6) of the Texas Administrative Code, nevertheless, provides for admission of the Sworn Report and the presence of the peace officer at the administrative hearing, as follows:

A peace officer's sworn affidavit concerning probable cause to arrest shall be admissible as a public record, provided however, that the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas). If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the affidavit shall not be admissible.

1 TEX. ADMIN. CODE § 159.23(c)(6) (West 1997)(Rule Administrative License Suspension Hearing); *see also* TEX. GOV'T CODE ANN. § 2001.089 (Vernon Pamph.1998)(requiring the DPS to subpoena a witness at a party's request). There is no evidence in the record that Walter ever requested the DPS to subpoena Trooper Adams or that Adams failed to appear at the hearing. Therefore, the Sworn Report was admissible as a public record.

■ Furthermore, an administrative license suspension hearing is a civil proceeding, not a criminal proceeding. *See* TEX. TRANSP. CODE ANN. § 724.048(a)(1) (Vernon Pamph.1998). The right to confront a witness applies to criminal proceedings only. *See* TEX. CONST. art. I, § 10; *Ochs v. Martinez*, 789 S.W.2d 949, 951 (Tex.App.—San Antonio 1990, writ denied). Moreover, when a party has the right to subpoena witnesses by requesting the agency representative to issue them, and he does not make the request, he cannot later complain of the fact that he has been denied the right of confrontation of adverse witnesses and the right of cross-examination. *See Brooks v. Klevenhagen*, 807 S.W.2d 777, 779 (Tex.App.—Houston [14th Dist.] 1991, no writ).

■ Likewise, the Statutory DWI Warning is a public record, signed by Trooper Salcido. Salcido appeared at the administrative hearing after the DPS subpoenaed him at Walter's request. Because a breath technician's presence was not required at the administrative hearing and Walter did not request the DPS to subpoena Trooper Adams, the Sworn Report was admissible. Therefore, the administrative law judge properly overruled Walter's objection to the Sworn Report.

■ Walter's complaint that Salcido's testimony contradicts Adams's affidavit goes to the weight and credibility of the evidence and not the admissibility of the report. Contradictory testimony does not render the evidence insufficient. See *Ludwig v. State*, 872 S.W.2d 771, 775 (Tex.App.—Waco 1994), *aff'd*, 931 S.W.2d 239 (Tex.Crim.App.1996). Contradictory testimony goes to the weight of the evidence and credibility to be given to such witness by the finder of fact. See *Weisinger v. State*, 775 S.W.2d 424, 429 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (citing *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim.App.1981)). We sustain the DPS's fifth point of error.

## Administration of Statutory DWI Warning

In its sixth point of error, the DPS alleges the county court at law erred as a matter of law when it held by implication that the DPS failed to prove the trooper gave Walter the required Statutory DWI Warning both orally and in writing before requesting Walter give a breath specimen. Walter argued the evidence at the administrative license hearing established that Trooper Salcido, who administered the required Statutory DWI Warning, failed to give Walter a copy to read before asking him to submit to a breath test.

The standard of judicial review of a state agency action is set forth in Section 2001.174 of the Administrative Procedure Act. See *Texas Dept. of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1997, no writ). The Act provides, in pertinent part, as follows:

[A] court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2)(A) (Vernon Pamph.1998). Thus, to reverse the decision of the administrative law judge, the county court at law must conclude the findings of the administrative law judge were erroneous for one of the reasons enumerated above and Walter's substantial rights were thereby prejudiced. See *Cantu*, 944 S.W.2d at 495.

■ The Administrative Procedure Act authorizes a reviewing court to test an agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. See TEX. GOV'T CODE ANN. § 2001.174(2)(E) (Vernon Pamph.1998); *Texas Health Fac. Com'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex.1984). The reviewing court must presume that the agency's decision is supported by substantial evidence. See *Charter Medical–Dallas, Inc.*, 665 S.W.2d at 453. Substantial evidence requires only more than a mere scintilla. See *R.R. Com'n of Texas v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex.1995). The evidence in the record may preponderate against the agen-

cy's decision and nevertheless amount to substantial evidence. *Id.; Lewis v. Metro. Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977). The issue before the reviewing court is not whether the agency reached the correct conclusion but whether some reasonable basis exists in the record for the agency's action. *See id.* "We will sustain the agency's action if the evidence is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." *See Texas Dept. of Pub. Safety v. Latimer,* 939 S.W.2d 240, 244 (Tex.App.—Austin 1997, no writ). Section 724.015 requires an officer, before requesting a person to submit to the taking of a specimen, to inform the person orally and in writing that if he refuses, the refusal may be admissible in a subsequent prosecution and his license may be automatically suspended. *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon Pamph.1998). The purpose of this section is to ensure that a person who refuses to give a requested specimen does so with a full understanding of the consequences. *See Jessup v. State,* 935 S.W.2d 508, 510 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). "Clearly, the statute contemplates that an officer will give both oral and *written* notice of the consequences of a refusal to give police officers either a breath or blood specimen." *Id.* (emphasis in original).

■ The record reflects substantial evidence that Salcido properly administered the Statutory DWI Warning both orally and in writing prior to requesting a breath specimen from Walter. Salcido testified he read the warnings to Walter and held the form so that Walter could see it. He stated his usual practice was to run his finger or pen along the lines of the warning as his read it. He gave Walter a copy of the warning after reading it to him and told Walter he could read it again or later, but Walter did not read it. He further attested that he, and not Trooper Adams, requested the breath sample from Walter.

Walter confirmed that he was requested to take a breath test at the Clute Police Station. He said that Trooper Salcido went through the forms but Salcido did not give him a copy to read as Salcido read from his copy. Nev-

ertheless, he conceded that he had the opportunity to read the Warning. He also said that he did not understand the ramifications of taking the test. Walter attested that he signed the form after he said he would not take the test. Walter presented no evidence to show his substantial rights were prejudiced by Salcido's failure to give him a copy of the Statutory DWI Warning to read along with Trooper Salcido as he read the Warning aloud. Therefore, the county court at law erred in substituting its own finding for that of the administrative law judge. We sustain the DPS's sixth point of error.

## Substantial Evidence Supports Administrative Order

In its seventh point of error, the DPS maintains the county court at law erred in reversing the order of the administrative law judge because the findings of the administrative law judge are supported by substantial evidence. To uphold a license suspension, an administrative law judge must find the DPS proved the following issues by a preponderance of the evidence at an administrative license suspension hearing: (1) a law enforcement officer had reasonable suspicion or probable cause to stop or arrest the driver; (2) the officer had probable cause to believe the driver was operating a motor vehicle in a public place while intoxicated; (3) the officer arrested the driver and asked him to submit to the taking of a specimen; and (4) the driver refused to submit to the taking of a specimen on request of the officer. *See* TEX. TRANSP. CODE ANN. §§ 724.042; 724.04 (Vernon Pamph.1998). In this case, the DPS presented substantial evidence to support each of these elements, thereby justifying the administrative order suspending Walter's license.

■ A police officer may stop an individual if the officer has specific articulable facts, which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the person stopped. *See Francis v. State,* 922 S.W.2d 176, 178 (Tex.Crim.App.1996)(J. Baird, concurring and dissenting). The officer must have reasonable suspicion that some unusual

activity is or has occurred, that the detained person is connected with the activity, and that the unusual activity is related to the commission of a crime. *Id.* In other words, the detaining officer must point to something that would lead a reasonable person to believe the detainee was engaged in a criminal act. *See Fox v. State,* 900 S.W.2d 345, 347 (Tex.App.—Fort Worth 1995), *pet. dism'd improvidently granted,* 930 S.W.2d 607 (Tex. Crim.App.1996) (per curiam). The reasonable suspicion determination is based on the totality of the circumstances. *See Gajewski v. State,* 944 S.W.2d 450, 453 (Tex.App.— Houston [14th Dist.] 1997, no pet.).

■ In the Sworn Report, Trooper Adams stated that he observed the driver of a green Bronco fail to drive in a single marked lane and changing lanes without signaling. Walter denied that he failed to maintain a single marked lane. He conceded, however, that he may have violated traffic laws at the time Trooper Adams stopped his vehicle. A law enforcement officer may stop and detain a person for a traffic violation. *See Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992); *see also* TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977) (peace officer may arrest offender for any offense committed within his view). A person may violate Section 545.104 for failing to signal when changing lanes. *See* TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon Pamph.1998). Trooper Adams's statement that he observed Walter commit a traffic offense is substantial evidence that he had reasonable suspicion to stop Walter.

■ The record also reflects the trooper had probable cause to arrest Walter for DWI. "Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense." *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997); *Amores v. State,* 816 S.W.2d 407, 413 (Tex.

Crim.App.1991). "Probable cause deals with probabilities; it requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Guzman,* 955 S.W.2d at 87. A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon Supp.1998). Intoxication means (1) not having the normal use of mental or physical faculties by reason of introduction of alcohol or other substances in the body; or (2) having an alcohol concentration of 0.10 or more. *Id.* § 49.01.

In the Sworn Report, Trooper Adams surmised that Walter had been driving while intoxicated because he smelled a strong odor of an alcoholic beverage on Walter's breath, Walter's balance was somewhat unstable, and Walter failed to complete the alphabet and counting tests correctly. Adams also noted in the Sworn Report that he observed six points of nystagmus[1] in Walter. Walter, however, testified that he successfully completed all the field sobriety tests including the alphabet and counting exercises, but he performed the finger count exercise four times instead of three as requested. Walter admitted that he drank about three cans of beer and several non-alcoholic beverages in the hours prior to the stop. Based on the substantial evidence standard, we find more than a scintilla of evidence in the record to support the administrative finding of probable cause to arrest Walter for DWI.

Finally, both Walter and Salcido testified that Salcido requested that Walter submit to the taking of a breath sample and Walter refused. Because substantial evidence supports the order of the administrative law judge, the county court at law erred in granting Walter's petition and setting aside the suspension order. Therefore we sustain the DPS's seventh point of error.

1. The technique employed in the Horizontal Gaze Nystagmus test is a reliable indicator of intoxication. *See Emerson v. State,* 880 S.W.2d 759, 768–69 (Tex.Crim.App.1994). To admit testimony concerning a defendant's performance on the test, the DPS must show the witness testifying is qualified as an expert on the test, specifi-

cally the administration and technique of the test. *Id.* at 769. The DPS offered no evidence that Adams was qualified as an expert on the administration and technique of the test. Walter, however, voiced no objection to the Sworn Report on that basis. Consequently, the Sworn Report was admitted.

Accordingly, we reverse the judgment of the court below and render judgment reinstating the order of the administrative law judge.