**The STATE of Texas, Appellant,**

v.

**Calvin JENNINGS, III., Appellee.**

No. 07–97–0223–CR.

Court of Appeals of Texas, Amarillo.

Dec. 19, 1997.

Hale County District Attorney, Terry D. McEachern, E. Scott Morris, Plainview, for appellant.

Law Offices of David Martinez, David Martinez, Lubbock, for appellee.

Before QUINN and REAVIS, JJ., and REYNOLDS, Senior Justice*

QUINN, Justice.

The State of Texas appeals from an order suppressing evidence garnered from Calvin Jennings, III. (Jennings) and contends, via its sole point of error, that the trial court erred in doing so. We disagree, overrule the point, and affirm the order.

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX.

GOV'T CODE ANN. § 75.002(a)(1) (Vernon Supp. 1997).

### Facts

The trial court entered the following findings of fact, the accuracy of which the State does not dispute:

1. On May 2, 1996, Kimberly Ann Cooper was a certified peace officer employed by the City of Plainview Police Department, and was on duty as a patrol officer for the City on that date[;]

2. On May 2, 1996, ... Cooper was dispatched to a domestic disturbance in the City of Plainview. En route to the domestic disturbance call, ... Cooper received a dispatch over her police radio describing a vehicle that was wanted for questioning in regards to the domestic disturbance[;]

3. Locating the vehicle that matched the broadcast, ... Cooper stopped that vehicle based *solely* on the fact that the driver of the vehicle was wanted for questioning in regards to the domestic disturbance[;]

4. The vehicle stopped by ... Cooper was driven by ... Calvin Jennings[,] III.

(emphasis added). These findings were supported by the record which evinced that Cooper heard a police broadcast regarding a domestic disturbance. As part of that broadcast, a description of the vehicle and its license plate number was given. Shortly thereafter, Cooper encountered that vehicle and stopped it "[d]ue to the radio traffic from the officers that were on the scene and giving out the description and asking officers to be on the lookout and stop him if he was seen." Cross-examination of the officer confirmed that the sole reason for stopping Jennings was her belief that the vehicle he drove matched the description previously broadcasted. And, other than allegedly having difficulty in stopping him, she witnessed Jennings committing neither a criminal infraction nor a suspicious act.

Having stopped the car, Officer Cooper approached Jennings. She then smelled "a strong odor of an alcoholic beverage in the

car and on his person." Another officer, Garza, was called to assist her in determining whether Jennings was intoxicated. Apparently, Officer Garza concluded that he was and arrested him.

Once formally charged with driving in a public place while intoxicated, Jennings moved the court to suppress all evidence garnered as a result of Cooper's stop. A hearing on the motion was convened. Therein, Cooper and Jennings were the only witnesses who testified. The officer or officers who actually investigated the purported domestic disturbance call did not appear, nor did the officer whose broadcast Cooper relied upon to effectuate the stop. Having heard the testimony and arguments of the parties, the trial court granted the motion to suppress.[1]

### Standard of Review

■ Historically, a trial court's decision *vis-a-vis* a motion to suppress has been reviewed under the standard of abused discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). However, the Texas Court of Criminal Appeals has recently held that questions regarding the existence of reasonable suspicion and probable cause undergo *de novo* consideration. *Guzman v. State*, 955 S.W.2d 85, 86–87 (Tex.Crim.App. 1997). What this means is that we must still defer to the trial court's determination of historical facts, but, concerning the presence of reasonable suspicion and probable cause, we decide that anew based upon the totality of the circumstances. *Id.*

Interestingly, this new *de novo* rule apparently applies only when the facts are undisputed. This must be true because the Court of Criminal Appeals admonished us to continue deferring to the trial court's decision (involving mixed questions of law and fact such as that at bar) when resolution of the ultimate question "turns on an evaluation of credibility and demeanor." *Id.* 955 S.W.2d at 87; *see State v. Chavarria*, No. 01–96–01389–CR, slip op. at 3–4, 1997 WL 745751 (Tex. App.—Hous. Nov. 26, 1997, no pet. h.) (stat-

---

1. Though the trial court did not specify a particular reason for granting the motion, we note that we must sustain its action if supportable upon any ground. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

ing that deference is required when the presence or absence of the probable cause or reasonable suspicion is dependent upon demeanor and credibility). Logically, only when the evidence is undisputed can it be said that credibility and demeanor are unimportant.

▮ Next, whether reasonable suspicion or probable cause existed depends upon the circumstances as they unfolded. Those circumstances, when the search or detention is justified on the basis of reasonable suspicion, must establish that some unusual activity is occurring or has occurred, that the detained person is connected with the activity, and that the unusual activity is related to the commission of a crime. *Francis v. State,* 922 S.W.2d 176, 178 (Tex.Crim.App.1996). When probable cause is invoked, the circumstances must illustrate that the suspect has committed or is committing a crime. *Amores v. State,* 816 S.W.2d 407, 411 (Tex. Crim.App.1991). Moreover, the operative circumstances are not only those known to the officer making the stop or arrest. They include those collectively known by the officers or agents cooperating together at the time of the detention. *See Fearance v. State,* 771 S.W.2d 486, 509 (Tex.Crim.App.1988), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989) (acknowledging that an officer may rely upon information relayed to him by other officers and the sum of information known to those cooperating with him).

▮ Yet, both the trial and reviewing courts must proceed cautiously when it appears that the detaining officer acted upon *nothing other than* a radio dispatch or request to apprehend. In that situation, the focus lies upon the information known to the officer who made the broadcast. *Amores v. State,* 816 S.W.2d at 413; *Crane v. State,* 786 S.W.2d 338, 346 (Tex.Crim.App.1990); *McBride v. State,* 946 S.W.2d 100, 102 (Tex. App.—Texarkana 1997, pet. ref'd). While this does not mandate that he testify, the State must nevertheless present evidence justifying said officer's broadcast or request;

in other words, it must be shown that the officer who made the stop or arrest did so upon the request of someone who had reasonable suspicion or probable cause. *Rance v. State,* 815 S.W.2d 633, 635 n. 2 (Tex.Crim. App.1991). It is not enough to merely show that a stop was made because another officer requested it. *Id.*[2]

### *Application of Standard to Case*

▮ As previously alluded to, Cooper witnessed no criminal or other suspicious activity herself before interceding. Rather, she relied exclusively upon a radio broadcast purportedly made by an unnamed officer. Furthermore, it was conceded that Jennings was stopped "just because he was a suspect in a domestic dispute." Who reported the domestic dispute, she did not know. Whether the alleged domestic dispute involved some criminal infraction, she did not mention. Nor could she recall the actual contents of the broadcast; she simply remembered that it involved a request to apprehend the person possibly entangled in some domestic dispute and driving a particular car. Given this, it was incumbent upon the State to present evidence regarding the information known to the officer who allegedly made the broadcast. *Amores v. State, supra; Crane v. State, supra.* This it did not do. Who made the report to the police is unknown, as is the identity of the person who actually made the broadcast. Also unknown is the information allegedly relied upon by, or known to, the officer requesting the stop and whether that information, if any, involved the commission of a crime as opposed to a mere quarrel.

In effect, the totality of the circumstances evince only a request to stop coupled with a description of the vehicle to be stopped. However, these circumstances alone are not enough to illustrate that the initial detention was justified on the basis of reasonable suspicion or probable cause. *Rance v. State, supra* (stating that more than a mere broadcast or request to stop must be shown). Finally, since the State did not prove that the initial

---

**2.** This effectively rebuffs Jennings' insinuation that the detaining officer must have personally been involved in the investigation which ultimately resulted in the detention. The officer

need not have any knowledge of circumstances which create reasonable suspicion or probable cause as long as the person who requested the stop or arrest did.

stop was justified, the evidence garnered as a result of that stop was, and is, subject to suppression until the State carries its burden.

Accordingly, we affirm the order entered by the county judge granting Jennings' motion to suppress.