NO. 07-00-0489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 10, 2001

______________________________

NICHOLAS GARRETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 208
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 843681; HONORABLE DENISE COLLINS, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of nolo contendere, appellant Nicholas Garrett was convicted of possession of cocaine and sentenced to two years in a state jail facility, probated for four years, and assessed a fine of $500 and 200 hours of community service.  By two issues, appellant contends the trial court erred in denying his motion to suppress because (1) his car was unlawfully seized without a warrant, and (2) his car was unlawfully searched without a warrant.  Based upon the rationale expressed herein, we affirm.

On May 4, 2000, Officer Denny Coker pursued a vehicle in an attempt to make a traffic stop for an expired registration.  After three or four miles, the car pulled into a gated driveway and honked the horn in an attempt to gain admittance.  The car then rammed the gate and appellant exited the car and fled into the woods behind the house.  Officer Coker did not immediately pursue the suspect because of some dogs in the yard where the car rammed the gate.  The officer called for back-up and when they arrived, a perimeter was set up and appellant was apprehended.  When the men in the yard were questioned by the officer, no one claimed to know appellant and a tow truck was called to pull the vehicle from the yard.  After the car was towed into the street, the officers at the scene conducted an inventory search gaining access through the unlocked doors and open driver’s side window.  During the search, officers discovered a small rock of crack cocaine.  Appellant was arrested and indicted for possession of less than one gram of cocaine.  Appellant filed a written motion to suppress, which was overruled by the trial court.

In reviewing an appeal from the trial court's denial of a motion to suppress, great deference is afforded to the trial court's decision on mixed questions of law and fact that turn on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a 
de novo
 review of the trial court's ruling.  Hernandez v. State, 957 S.W.2d 851, 852 (Tex.Cr.App. 1998) (citing 
Guzman
).  In other words, 
de novo
 review applies only when the facts are undisputed.  State v. Jennings, 958 S.W.2d 930, 932 (Tex.App.-- Amarillo 1997, no pet.).  Also, questions involving reasonable suspicion and probable cause permit an appellate court to conduct a 
de novo
 review.  
See
 Loesch v. State, 958 S.W.2d 830, 832 (Tex.Cr.App. 1997).  We initially note that appellant does not challenge his arrest.  At the suppression hearing, the State and appellant presented conflicting testimony as to whether the gate was closed and whether the officers knew that appellant was the brother of the men in the yard.  When the trial court hears conflicting testimony, great deference is afforded to its ruling.  
Guzman,
 955 S.W.2d at 89.  It is well settled that the trial court is the sole judge of the credibility of witnesses at a hearing on a motion to suppress evidence obtained in a search and seizure, and that it may choose to believe or disbelieve any or all of the witnesses’ testimony.  Johnson v. State, 871 S.W.2d 744, 748 (Tex.Cr.App. 1994).

By his first issue, appellant claims the car was unlawfully seized.  We disagree.  In order to search an automobile, officers must have a warrant or an exception to the warrant requirement.  Brimage v. State, 918 S.W.2d 466, 500 (Tex.Cr.App. 1996).  In this case, the State is claiming that this search and seizure falls under the inventory exception to the warrant requirement.  An inventory search is permissible if pursuant to a lawful impoundment.  Mayberry v. State, 830 S.W.2d 176, 179 (Tex.App.–Dallas 1992, pet. ref’d).  However, to be lawful, no other alternative can be available.  
Id.  
The reasonableness of the impoundment is determined by: (1) the availability of someone at the scene who police could give possession; (2) whether the vehicle was impeding traffic or was a danger to public safety; (3) whether the vehicle was locked; (4) whether the detention of the arrestee would be likely of such duration as to require the police to protect the property; (5) whether there was some reasonable connection between the arrest and the vehicle; and (6) whether the vehicle was used in the commission of crime.  
Id.
 at 179-80.  In any event, the State bears the burden of proving that the impoundment was lawful.  
Id.
  In this case, the men present at the residence where the vehicle was stopped denied knowing appellant, the driver’s side window was open, the doors were unlocked, the vehicle was not registered to that address, and appellant was incapacitated due to his arrest.  And, because the trial judge is the sole judge of credibility of the witnesses at a suppression hearing, 
Johnson
, 871 S.W.2d at 748, we must not rely on the conflicting testimony of appellant’s brother in finding that the officers had no other reasonable alternative.  We conclude that the impoundment was lawful.  Issue one is overruled.

By his second issue, appellant challenges the search of his vehicle.  Once a vehicle operator has been taken into custody, it is proper to conduct an inventory when impoundment is the only reasonable alternative to protect the vehicle.   Daniels v. State, 600 S.W.2d 813, 814 (Tex.Cr.App. 1980); Perry v. State, 933 S.W.2d 249, 252 (Tex.App.–Corpus Christi 1996, pet. ref’d).  The officers testified at the hearing that once a tow occurrs, the Sheriff’s Department is responsible for the car and the items inside.  Additionally, in order to protect the contents and themselves, an inventory was necessary.  Based on this testimony, we conclude the officers had good reason to conduct the inventory.  Thus, the trial court did not err in denying the motion to suppress.  Issue two is overruled. 

Accordingly, the judgment of the trial court is affirmed. 

Don H. Reavis

         Justice

Do not publish.