COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 FERNANDO VARGAS
 TORRES,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00004-CR
  
 Appeal from the
  
 168th District Impact Court
  
 of El Paso County, Texas 
  
 (TC# 20010D05295) 
  
 
 


O P I N I O N

 

Fernando Vargas Torres was indicted
for possession of a controlled substance--cocaine.  He pleaded guilty pursuant to a plea-bargain, and has appealed the trial court=s refusal to suppress evidence,
urging evidence was obtained as the result of an illegal traffic stop.  The trial court granted permission to
appeal.  We affirm.

Facts








On August 21, 2001, Detective Monreal of the El Paso Police Department was working in
plain clothes in an unmarked vehicle in an area of northeast El Paso known for
narcotics trafficking.  He observed a
vehicle cruising the area, followed, and eventually observed the car, a silver
Dodge Stratus, fail to signal its intent to turn
left.  He then observed the vehicle make
a U-turn which the detective considered unsafe because it forced another car to
slow while the Stratus cleared the intersection.  Monreal did not
stop the Stratus at that time because he was working in an unmarked
capacity.  Instead, he radioed a K-9
officer in a marked vehicle to make the stop. 
Monreal followed the unit until it stopped the
Stratus.  Eventually a search of the
Stratus by the K-9 unit revealed a package containing approximately ten ounces
of cocaine.

On August 21, 2001, Officer Martin Moncada received the call from Detective Monreal requesting that Moncada
stop a silver Dodge Stratus.  Moncada located the
car, and noticed the two people inside the Stratus making furtive gestures as
he approached.  He conducted a pat-down
search and called another unit for assistance. 
He directed the two people to return to their car, noticing they seemed
extremely nervous.  The passenger never
glanced at Moncada, never acknowledged him or made
eye contact.  His hands were
shaking.  Based on Moncada=s training and experience, he
believed this behavior was consistent with criminal activity.  He then asked the driver if he would consent
to a search by a dog trained to detect narcotics. He consented.

Moncada then conducted a search of the car
with his dog.  The dog alerted.  After the dog alerted, Moncada
physically searched the car.  He found
that an airbag had been removed and the resulting compartment filled with
cocaine.








Moncada never observed the driver of the car
commit a traffic violation.  He stopped
the car solely on the basis of Monreal=s request, with the information that Monreal had observed the vehicle fail to signal intent and
violate the U-turn laws.

The court made the following findings
of fact after hearing evidence:

1.  Defendant did not cause a traffic hazard or
other problem when he made a U-turn without making a left turn signal.

 

2.  The stop for a Class C misdemeanor traffic
violation of failure to signal a left turn, was legal
though made by an officer who did not see the violation but was advised of it
by a fellow officer.

 

3.  There was no unreasonable time of detention
between the stop and arrival of the officer who witnessed the traffic
violation.

 

4.  The dog alerted to controlled substances in
the car.[1]

 

Standard
of review

In reviewing the trial court=s ruling on a motion to suppress
evidence, we apply a de novo review on legal questions such as
reasonable suspicion and probable cause. 
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). 
As the facts here are undisputed, that is the only standard applicable
in this case.

Were
the search and arrest pursuant to a lawful stop?








In a single point of error, Vargas
Torres urges that the stop of defendant=s vehicle was unlawful, and therefore
the search of the car and arrest of defendant were likewise illegal.  Within this point, Vargas Torres makes two
claims:  (1) that he did not commit a
traffic violation in Monreal=s presence, as no traffic hazard or
other problem was caused by his failure to signal; and (2) that Moncada did not have authority to stop him for a
misdemeanor infraction which Moncada himself did not
observe.  We disagree with both
contentions.

A.  Causing a traffic
hazard no longer an element of failure to signal.

The Texas Transportation Code
provides that a vehicle operator shall use a signal to indicate an intention to
turn, and such signal shall be continuous for at least 100 feet before the
turn.  Tex.
Transp. Code Ann. ' 545.104(a)(b)
(Vernon 1999).  Failure to comply with
this requirement is a misdemeanor.  Tex. Transp. Code Ann. ' 542.301 (Vernon 1999).  As the State correctly points out, it is not
an element of the offense that the failure to signal cause
a traffic hazard or otherwise affect traffic.








Thus, we find that Vargas Torres=s reliance on the case of Hall v.
State, 488 S.W.2d 788 (Tex. Crim. App. 1973) is
misplaced.  That case was decided under
an older traffic regulation, which provided that an operator should not turn
without giving an appropriate signal Ain the event any other traffic may be
affected by such movement.@  See Hall, 488
S.W.2d at 789 n.1 (quoting Art. 6701d, Sec. 68(a),
Vernon=s Ann. R.C.S. (repealed 1995)
(current version at Tex. Transp. Code
Ann. ' 545.104)).  It is a violation of the current regulation
to make a turn without signaling, regardless of whether the turn was made
safely or affected other traffic.  See
Markey v. State, 996 S.W.2d 226, 229 (Tex.
App.--Houston [14th Dist.] 1999, no pet.). 
Thus, there was no requirement that the officer see a failure to signal
that affected other traffic.  In any
event, there was evidence that Vargas Torres=s U-turn did interfere with other
traffic, as Monreal saw an approaching car slow down
to allow the Stratus to clear the intersection. 
This argument is without merit.

B.  Moncada
had authority to make the stop based on the observation of another officer.

Vargas Torres=s second argument is that the stop
was unauthorized because it was made by an officer who had not personally seen
defendant commit the misdemeanor of making a turn without signaling.  This theory also fails.

Where probable cause or reasonable
suspicion of a criminal act justify a stop, circumstances must establish that
unusual activity is occurring or has occurred, that
the detained person is connected with the activity, and that the unusual
activity is related to commission of a crime. 
State v. Jennings, 958 S.W.2d 930, 933 (Tex.
App.--Amarillo 1997, no pet.). 
The operative circumstances need not be only those known to the officer
making the stop, but may include those known to other officers cooperating
together at the time of the detention.  Id.  Where the detaining officer acted upon
nothing other than a radio dispatch or request to apprehend, the focus
necessarily lies with the information known to the requesting officer.  Id. 
Although it is not required that the requesting officer testify, it must
be shown that the officer who made the stop did so upon the request of someone
who had reasonable suspicion or probable cause. 
Id.








Here, the requesting officer
testified that he observed a traffic violation, and he did not make the stop
himself because he was not in uniform or riding in a marked police car.  This amply satisfies the burden of showing
reasonable suspicion or probable cause for the stop.

Having examined both theories
presented by Vargas Torres, we overrule his single point of error.

Conclusion

The trial court=s judgment is affirmed.

 

SUSAN
LARSEN, Justice

January 9, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)

 











[1]The
trial court made several other findings, but we believe these are conclusions
of law by which we are not bound.