NO. 07-07-0283-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 25, 2007


______________________________




CONTINENTAL HOMES OF TEXAS, L.P., 


 

 Appellant


v.



THERESA MORIN; MARK MORIN AND TRISHA ROBLES; DEL'S NURSERY &
LANDSCAPE, LTD. f/k/a/ DEL'S NURSERY AND LANDSCAPING, INC. 

d/b/a DEL'S LANDSCAPING MATERIALS, 


 Appellees

_________________________________



FROM THE 37TH DISTRICT COURT OF BEXAR COUNTY;



NO. 2007-CI-07611; HON. GLORIA SALDANA, PRESIDING


_______________________________


 

Opinion on Motion to Dismiss


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Continental Homes of Texas, L.P., appellant, by and through its attorney, has filed
a motion to dismiss this appeal. In the certificate of conference attached to the motion to
dismiss, counsel for appellant advised this Court that counsel for appellee, Del's
Landscaping, Inc., does not oppose the motion. Without passing on the merits of the case,
we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(1)(2) and dismiss the appeal. Having dismissed the appeal at appellant's request,
no motion for rehearing will be entertained, and our mandate will issue forthwith.


 Brian Quinn

 Chief Justice



























 



gin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-08-0073-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 13, 2009
______________________________

THE STATE OF TEXAS, 

                                                                                                 Appellant

v.

1998 TOYOTA LAND CRUISER, OKLAHOMA TAG CMN-633 
VIN JT3HT05J9W0007179, 

                                                                                                 Appellee
________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,915-A; HON. HAL MINER, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.
          The State appeals from the trial court’s denial of its motion to forfeit the 1998 Toyota
Land Cruiser of Cole Austin Donelson. We agree, reverse, and remand.
          Background
          The Land Cruiser was seized after Donelson was found selling marijuana from it. 
Donelson sought to recover the vehicle. At issue was the propriety of the detention that
resulted in his arrest. 
          In permitting Donelson to recover the Cruiser, the trial court determined, via written
conclusions of law, that the interaction between the arresting officer and Donelson was not
a consensual encounter but rather an “investigative stop.” “[T]here were no[] articulable
facts sufficient to give rise to a rational inference that a crime was being committed,” the
court continued. Thus, the “investigative detention . . . amounted to an illegal stop lacking
in sufficient articulable facts or probable cause.” Moreover, the smelling of marijuana by
an officer occurred “after the illegal investigative detention[,] and probable cause . . . cannot
be based on facts discovered after the illegal detention.” So, because the detention was
illegal, the State lacked basis to forfeit the vehicle.


 We have been asked by the State to
review this decision.
          Law and Its Application
          Whether the trial court’s decision regarding the nature of the detention is sound
depends upon whether it abused its discretion. According to the Texas Supreme Court,
we determine this by applying the standard of review developed by the Court of Criminal
Appeals in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). State v. $217,590.00
in U.S. Currency, 18 S.W.3d 631, 634 n.3 (Tex. 2000). Under that standard, great
deference is accorded the trial court’s interpretation of historical facts. Ford v. State, 158
S.W.3d 488, 493 (Tex. Crim. App. 2005), Guzman v. State, 955 S.W.2d at 87. This is so
because the trial court has the sole authority to assess the credibility of the witnesses;
simply put, it may choose who to believe. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000); State v. Ramirez, 246 S.W.3d 287, 289 (Tex. App.–Amarillo 2008, no pet.). 
However, like deference is not afforded the trial court’s application of law to the facts or its
interpretation of the law. Ford v. State, 158 S.W.3d at 493. Those matters are reviewed
de novo. Id.; Guzman v. State, 955 S.W.2d at 87.
          Next, in support of the legal conclusions listed above, the trial court entered the
following findings of fact: 
          5.      On May 11, 2007, Capt. Roger Short of the Randall County Sheriff’s Office
was working the Sober program in an unmarked vehicle watching for alcohol
violations and other offenses in the area of Paramount Street and South
Western.
 
          6.       At approximately 10:40 p.m. . . . Short, while parked, observed a blue pick-up
in the Mr. Gattis pizza parking lot.[


] The driver, later identified as Cooper
Mark Hurst W/M 08-14-89, was sitting in the pick-up alone. As Short was
watching, another vehicle, (a green 1998 Toyota Land Cruiser . . .), drove up
next to the blue pick-up. Hurst got out of his pick-up and got into the . . .
Land Cruiser. Capt. Short could see into the vehicle and saw the driver of
the Toyota reach into the back seat of the vehicle and grab a camouflage
back pack. Short could see Donelson [who was driving the Land Cruiser]
retrieving items from the back pack. Short observed that Donelson would
reach back and forth with his right hand from the back seat area and place
something on the center console.[


] Short radioed several other officers who
were in the area of the possible drug transaction. Short advised two
uniformed officers to make contact with [the] occupants. 
 
          7.       Deputy Bushef parked his patrol unit behind the Land Cruiser while Lt.
Sheets parked his patrol unit in a position behind the cruiser. Captain Short’s
vehicle was in front and to the side of the Land Cruiser. Simultaneously the
officers approached the vehicle on each side, knocked on the window and
ordered occupants [sic] to roll down his window. The Deputy claims to have
smelled an odor of marijuana. He removed the passenger and did a pat
down search. Later the officer searched the vehicle finding marijuana under
four . . . ounces. 
 
          8.       Neither party consented to the search.
 
          9.       Captain Short never observed any illegal activity or illegal substance prior to
ordering the two Deputies to make contact with the occupants. 

These findings depict a situation wherein a peace officer, charged with watching for alcohol
related violations and other criminal offenses, saw Hurst sitting alone in a parked car at
10:40 at night waiting for Donelson. The officer also saw 1) Donelson arrive in the Land
Cruiser and park next to Hurst, 2) Hurst leave his vehicle and enter that of Donelson’s, 3)
Donelson secure a backpack from the rear of his car, and 4) Donelson repeatedly remove
items from the backpack and place them on the center console of the vehicle. Assuming
arguendo that these circumstances were insufficient to create probable cause to believe
a crime was in progress, they nevertheless were unusual given the time and place. And,
to an officer charged with conducting surveillance in the area for alcohol related and other
offenses, they were reminiscent of those performed in a drug transaction. Given that, Short
had reasonable suspicion to believe criminal activity was afoot. See Hall v. State, 74
S.W.3d 521, 525 (Tex. App.–Amarillo 2002, no pet.) (defining reasonable suspicion as the
presence of articulable facts which, when combined with rational inferences therefrom,
would allow an officer to reasonably suspect that a particular person has engaged, or is or
soon will be engaging, in criminal activity); State v. Jennings, 958 S.W.2d 930, 933 (Tex.
App.–Amarillo 1997, no pet.) (stating that reasonable suspicion arises when the
circumstances depict the occurrence of unusual activity, the existence of a nexus between
the detainee and the activity, and the likeness of the unusual activity to a crime). 
          That Short did not specifically see any contraband or illegal activity matters not for
innocent activity may itself give rise to reasonable suspicion. Woods v. State, 956 S.W.2d
33, 38-39 (Tex. Crim. App. 1997). Indeed, the totality of the circumstances are
determinative, State v. Garcia-Cantu, 253 S.W.3d 236, 244 (Tex. Crim. App. 2008); State
v. Jennings, supra, even those which when viewed independently of each other could be
indicative of innocent action. As stated in Woods, the possibility of an innocent explanation
does not deprive the officer of the capacity to entertain reasonable suspicion of criminal
activity. Woods v. State, 956 S.W.2d at 37. It is “the principal function of [the officer’s]
investigation . . . to resolve that very ambiguity and establish whether the activity is in fact
legal or illegal.” Id. And, to facilitate that determination, the officer has the authority to
temporarily detain those engaged in the conduct. Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995). And, once the officer witnessing the activity gathers facts sufficient
to create reasonable suspicion, we know of nothing that prohibits him from having other law
enforcement personnel undertake the investigation. Short had and did as much here. 
Thus, the officers were allowed to temporarily detain Donelson and Hurst by parking behind
them to investigate whether criminal activity was occurring. 
          Additionally, approaching the Land Cruiser and directing Donelson to lower his
window was activity well within the range of permissible conduct once reasonable suspicion
to investigate arose; indeed, making contact with the detainee is often the best way to
secure information needed to resolve the ambiguity mentioned in Woods. Once Donelson
lowered his window and the officer purported to smell marijuana, probable cause arose to
believe a crime was occurring within the vehicle, and we so hold as a matter of law. In
concluding otherwise the trial court erred, which error lead to improperly denying the
application for forfeiture.


 
          Again, we note that a trial court may well opt to disbelieve the testimony of any
witness, whether controverted or not. State v. Ramirez, 246 S.W.3d at 289. Yet, that
truism has little importance here since our decision is founded upon the facts which the trial
court found to exist. So, we are not engaging in any effort to re-weigh the evidence or
resolve credibility issues. Instead, we merely applied the law to the facts, which we may
do de novo. Guzman v. State, 955 S.W.2d at 89.  
          Accordingly, we reverse the judgment of the trial court and remand the proceeding.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Hancock, J., dissents.