

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

————————————————

No. 06-10-00138-CR

————————————————

DEBORAH JANE KIRBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Henderson County, Texas
Trial Court No. 2008-0863CL2

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Deborah Jane Kirby appeals her conviction for DWI, enhanced by a prior DWI conviction.[1] After the trial court denied her motion to suppress, Kirby waived her right to a jury, pled *nolo contendere* to DWI, and admitted she committed the offense as alleged in the indictment. The trial court found Kirby guilty, sentenced Kirby to 365 days in jail, suspended the sentence, and placed Kirby on twelve months' community supervision, and assessed a $450.00 fine. Kirby's sole issue on appeal is that the trial court erred in denying her motion to suppress.

## I. Facts

After seeing Kirby run several people off the road, Officer Sutton, an off-duty reserve police officer with the Eustace Police Department,[2] called Henderson County Dispatch and reported his observations. Officer Shavarr Warren, a police officer with the Eustace Police Department, observed a vehicle matching the dispatch description and detained Kirby in Gun Barrel City. Warren testified he was informed Kirby was suspected of driving recklessly and being intoxicated, but not of any of the facts creating such suspicion. Officer Tiffany Carrizales, a police officer with the Gun Barrel City Police Department, arrived shortly after Kirby was

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]Officer Shavarr Warren testified Officer Sutton, who did not testify at the suppression hearing, was a licensed police officer.

detained.[3] Carrizales conducted several field sobriety tests, which indicated Kirby was intoxicated, and arrested Kirby.

## II. Contentions of the Parties

Kirby contends the trial court erred in denying her motion to suppress because Warren lacked specific, articulable facts to create reasonable suspicion. At the time of the detention, Warren merely relied upon the radio dispatch which described the vehicle in detail, but failed to describe the circumstances giving rise to reasonable suspicion. Warren admitted he did not personally observe any behavior which would create reasonable suspicion. The State argues the detention was reasonable because reasonable suspicion is evaluated based on the cumulative knowledge of all police officers involved. In the alternative, the State argues the corroboration of the description of the vehicle in the dispatch was sufficient to ensure reliability or exigent circumstances existed.[4]

## III. Standard of Review

We review the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review deferring to the trial court's determination of historical facts that depend on credibility, but review de novo the trial court's application of the law. *Wiede v. State*,

---

[3]Warren testified Carrizales arrived approximately one minute after the detention. Carrizales testified she arrived less than five minutes after receiving notice that Kirby's vehicle had been stopped. Carrizales testified she was already en route from a location "maybe a mile away" when she received notice that the vehicle had been stopped and she proceeded directly to the location of the detention.

[4]Warren testified Kirby was approaching a school zone.

3

214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Generally, we review de novo determinations of probable cause or reasonable suspicion after granting deference to the trial court's determination of historical facts. *Guzman*, 955 S.W.2d at 87; *see Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010).

The United States Supreme Court in *Terry v. Ohio* established the test for investigative detentions. *Terry* established a two-pronged test for investigative detentions. *Terry v. Ohio*, 392 U.S. 1, 19–20 (1968). To determine the reasonableness of an investigative detention, the court must inquire: "(1) whether the officer's action was justified at its inception; and, (2) whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997); *see Terry*, 392 U.S. at 19–20.

## IV.    Reasonable Suspicion for the Arrest

Kirby only challenges the first prong of the test. "Under the first prong, 'the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *Davis,* 947 S.W.2d at 242 (quoting *Terry*, 392 U.S. at 21). These facts must be more than a mere hunch or suspicion. *Id.* at 244. Whether the officer's suspicion was reasonable is evaluated based on "an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

4

The specific, articulable facts, along with rational inferences from those facts, must allow the officer to reasonably conclude the person detained actually is, has been, or soon will be engaged in criminal activity. *United States v. Sokolow*, 490 U.S. 1, 10 (1989).

Texas law is well established that police officers may rely upon the observations of fellow officers in making detentions or warrantless arrests. *See, e.g., Armendariz v. State*, 123 S.W.3d 401, 405 (Tex. Crim. App. 2003); *Astran v. State*, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990); *McBride v. State*, 946 S.W.2d 100, 102 (Tex. App.—Texarkana 1997, pet. ref'd); *Williams v. State*, 924 S.W.2d 189, 193 (Tex. App.—Eastland 1996, pet. ref'd). In determining whether reasonable suspicion existed for the detention, we examine the cumulative information known to all the officers who cooperated in the arrest. *McBride*, 946 S.W.2d at 102 (citing *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993)). "[R]easonable suspicion may be transferred from one officer to another so that a valid detention may be effected." *Willhite v. State*, 937 S.W.2d 604, 607 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The Amarillo Court of Appeals has observed

> both the trial and reviewing courts must proceed cautiously when it appears that the detaining officer acted upon nothing other than a radio dispatch or request to apprehend. In that situation, the focus lies upon the information known to the officer who made the broadcast . . . . While this does not mandate that he testify, the State must nevertheless present evidence justifying said officer's broadcast or request; in other words, it must be shown that the officer who made the stop or arrest did so upon the request of someone who had reasonable suspicion or probable cause . . . . It is not enough to merely show that a stop was made because another officer requested it.

5

*State v. Jennings*, 958 S.W.2d 930, 933 (Tex. App.—Amarillo 1997, no pet.) (citations omitted) (concluding trial court did not err in suppressing evidence because requesting officer lacked reasonable suspicion).

In this case, the record contains evidence[5] that Sutton, a licensed off-duty police officer,[6] personally observed Kirby "r[u]n at least five other vehicles off the roadway." This personal observation was relayed to the Henderson County dispatcher and Carrizales. Although the details of Sutton's observation were not relayed to Warren, who initiated the detention, the dispatcher informed Warren that Kirby was "driving recklessly" and "possibly under the influence." The detaining officer is not required to have "any knowledge of circumstances" which create reasonable suspicion. *Id.* at 933 n.2. The cumulative knowledge of the multiple police officers was sufficient to constitute reasonable suspicion.[7] Because Sutton had sufficient specific, articulable facts to create reasonable suspicion, Warren's detention was reasonable. It is not necessary for us to evaluate the State's alternative arguments. The trial court did not err in denying Kirby's motion to suppress.

---

[5]Sutton did not testify at the suppression hearing. Evidence of the specific, articulable facts which created Sutton's reasonable suspicion was testified to by Carrizales and Warren. Carrizales testified concerning the details of Sutton's observations. Warren testified the complainant had seen some sort of bad driving and the complainant was Sutton. We further note Sutton followed Kirby on his personal motorcycle, was present at the detention, and conversed, albeit briefly, with Warren at the scene of the detention.

[6]The fact that Sutton was off duty does not affect his status as a police officer. *See Moore v. State*, 999 S.W.2d 385, 404 (Tex. Crim. App. 1999) (police officer who intervened in burglary acted in his official capacity).

[7]Because the requesting officer had sufficient specific, articulable facts to create reasonable suspicion, this case is distinguishable from *Jennings* where the requesting officer lacked sufficient specific, articulable facts to create reasonable suspicion or probable cause. *See Jennings*, 958 S.W.2d at 933 (State failed to present evidence regarding the information known to officer who allegedly made broadcast).

## V. Conclusion—Modify and Affirm

In our review, we noticed the judgment of the trial court does not indicate Kirby pled *nolo contendere*.[8]  A judgment is required to reflect the plea or pleas of the defendant to the offense charged.  TEX. CODE CRIM. PROC. ANN. art. 42.01 (Vernon Supp. 2010).  Our authority to modify incorrect judgments is neither dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so.  *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).  We, therefore, modify the judgment to reflect Kirby pled *nolo contendere*.

We modify the judgment to reflect Kirby pled *nolo contendere* and affirm as modified.

Jack Carter
Justice

Date Submitted:     January 4, 2011
Date Decided:       January 6, 2011

Do Not Publish

---

[8]The record contains a written plea of *nolo contendere* bearing Kirby's signature.  The Texas Department of Public Safety criminal history reporting form also reflected a plea of no contest.

7