In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00138-CR

                                                ______________________________

 

 

                                   DEBORAH JANE KIRBY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                         Henderson
County, Texas

                                                     Trial Court No. 2008-0863CL2

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Deborah
Jane Kirby appeals her conviction for DWI, enhanced by a prior DWI conviction.[1]  After the trial court denied her motion to
suppress, Kirby waived her right to a jury, pled nolo contendere to DWI, and admitted she committed the offense as
alleged in the indictment.  The trial
court found Kirby guilty, sentenced Kirby to 365 days in jail, suspended the
sentence, and placed Kirby on twelve months’ community supervision, and
assessed a $450.00 fine.  Kirby’s sole
issue on appeal is that the trial court erred in denying her motion to
suppress.  

I.          Facts 

             After seeing Kirby run several people off the
road, Officer Sutton, an off-duty reserve police officer with the Eustace
Police Department,[2]
called Henderson County Dispatch and reported his observations.  Officer Shavarr Warren, a police officer with
the Eustace Police Department, observed a vehicle matching the dispatch
description and detained Kirby in Gun Barrel City.  Warren testified he was informed Kirby was
suspected of driving recklessly and being intoxicated, but not of any of the
facts creating such suspicion.  Officer Tiffany
Carrizales, a police officer with the Gun Barrel City Police Department,
arrived shortly after Kirby was detained.[3]  Carrizales conducted several field sobriety
tests, which indicated Kirby was intoxicated, and arrested Kirby.  

II.        Contentions of the
Parties

            Kirby
contends the trial court erred in denying her motion to suppress because Warren
lacked specific, articulable facts to create reasonable suspicion.  At the time of the detention, Warren merely
relied upon the radio dispatch which described the vehicle in detail, but
failed to describe the circumstances giving rise to reasonable suspicion.  Warren admitted he did not personally observe
any behavior which would create reasonable suspicion.  The State argues the detention was reasonable
because reasonable suspicion is evaluated based on the cumulative knowledge of
all police officers involved.  In the
alternative, the State argues the corroboration of the description of the
vehicle in the dispatch was sufficient to ensure reliability or exigent
circumstances existed.[4]

III.       Standard of Review

            We review the trial court’s decision on a
motion to suppress evidence by applying a bifurcated standard of review
deferring to the trial court’s determination of historical facts that depend on
credibility, but review de novo the trial court’s application of the law.  Wiede v. State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); see Guzman v.
State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  Generally, we
review de novo determinations of probable cause or reasonable suspicion after
granting deference to the trial court’s determination of historical facts.  Guzman, 955 S.W.2d at 87; see
Crain v. State, 315 S.W.3d 43, 49
(Tex. Crim. App. 2010).

            The
United States Supreme Court in Terry v. Ohio established the test for
investigative detentions.  Terry
established a two-pronged test for investigative detentions.  Terry v. Ohio, 392 U.S. 1, 19–20 (1968). 
To determine the reasonableness of an investigative detention, the court
must inquire:  “(1) whether the officer’s
action was justified at its inception; and, (2) whether it was reasonably
related in scope to the circumstances which justified the interference in the
first place.”  Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim.
App. 1997); see Terry,
392 U.S. at 19–20.

IV.       Reasonable Suspicion for the Arrest 

            Kirby only challenges
the first prong of the test.  “Under the
first prong, ‘the police officer must be able to point to specific and
articulable facts which, taken together with rational inferences from those
facts, reasonably warrant that intrusion.’” 
Davis, 947 S.W.2d at 242 (quoting Terry, 392 U.S. at 21).  These facts must be more than a mere hunch or
suspicion.  Id. at 244.   Whether the officer’s suspicion was
reasonable is evaluated based on “an objective standard that disregards any
subjective intent of the officer making the stop and looks solely to whether an
objective basis for the stop exists.”  Ford v. State, 158 S.W.3d 488, 492 (Tex.
Crim. App. 2005).  The specific, articulable
facts, along with rational inferences from those facts, must allow the officer
to reasonably conclude the person detained actually is, has been, or soon will
be engaged in criminal activity.  United
States v. Sokolow, 490 U.S.
1, 10 (1989).  

            Texas
law is well established that police officers may rely upon the observations of
fellow officers in making detentions or warrantless arrests.  See,
e.g., Armendariz v. State, 123 S.W.3d 401, 405 (Tex. Crim. App. 2003); Astran v. State, 799 S.W.2d 761, 764
(Tex. Crim. App. 1990); McBride v. State,
946 S.W.2d 100, 102 (Tex. App.––Texarkana 1997, pet. ref’d); Williams v. State, 924 S.W.2d 189, 193
(Tex. App.––Eastland 1996, pet. ref’d). 
In determining whether reasonable suspicion existed for the detention,
we examine the cumulative information known to all the officers who cooperated
in the arrest.  McBride, 946 S.W.2d at
102 (citing Muniz v. State, 851
S.W.2d 238, 251 (Tex. Crim. App. 1993)). 
“[R]easonable suspicion may be transferred from one officer to another
so that a valid detention may be effected.” 
Willhite v. State, 937 S.W.2d
604, 607 (Tex. App.––Houston [1st Dist.] 1996, pet. ref’d).  The Amarillo Court of Appeals has observed

both the trial and reviewing courts must proceed cautiously
when it appears that the detaining officer acted upon nothing other than a
radio dispatch or request to apprehend.  In
that situation, the focus lies upon the information known to the officer who
made the broadcast . . . . While this does not mandate that he testify, the
State must nevertheless present evidence justifying said officer’s broadcast or
request; in other words, it must be shown that the officer who made the stop or
arrest did so upon the request of someone who had reasonable suspicion or
probable cause . . . . It is not enough to merely show that a stop was made
because another officer requested it. 

 

State v. Jennings, 958 S.W.2d 930, 933 (Tex. App.––Amarillo 1997,
no pet.) (citations omitted) (concluding trial court did not err in suppressing
evidence because requesting officer lacked reasonable suspicion).  

            In
this case, the record contains evidence[5] that
Sutton, a licensed off-duty police officer,[6]
personally observed Kirby “r[u]n at least five other vehicles off the roadway.”  This personal observation was relayed to the
Henderson County dispatcher and Carrizales. 
Although the details of Sutton’s observation were not relayed to Warren,
who initiated the detention, the dispatcher informed Warren that Kirby was “driving
recklessly” and “possibly under the influence.” 
The detaining officer is not required to have “any knowledge of
circumstances” which create reasonable suspicion.  Id. at
933 n.2.  The cumulative knowledge of the
multiple police officers was sufficient to constitute reasonable suspicion.[7]  Because Sutton had sufficient specific,
articulable facts to create reasonable suspicion, Warren’s detention was
reasonable.  It is not necessary for us
to evaluate the State’s alternative arguments. 
The trial court did not err in denying Kirby’s motion to suppress.  

V.        Conclusion––Modify and
Affirm 

            In
our review, we noticed the judgment of the trial court does not indicate Kirby
pled nolo contendere.[8]  A judgment is required to reflect the plea or
pleas of the defendant to the offense charged. 
Tex. Code Crim. Proc. Ann.
art. 42.01 (Vernon Supp. 2010).  Our
authority to modify incorrect judgments is neither dependent on the request of
any party, nor does it turn on a question of whether a party has or has not
objected in trial court; we may act sua sponte and may have a duty to do
so.  Rhoten
v. State, 299 S.W.3d 349, 356 (Tex. App.––Texarkana 2009, no pet.).  We, therefore, modify the judgment to reflect
Kirby pled nolo contendere.  

            We
modify the judgment to reflect Kirby pled nolo
contendere and affirm as modified.  

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          January
4, 2011

Date Decided:             January
6, 2011

 

Do Not Publish











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Court’s docket equalization program.  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See TEX. R. APP. P. 41.3.

 





[2]Officer
Shavarr Warren testified Officer Sutton, who did not testify at the suppression
hearing, was a licensed police officer.  

 





[3]Warren
testified Carrizales arrived approximately one minute after the detention.  Carrizales testified she arrived less than
five minutes after receiving notice that Kirby’s vehicle had been stopped.  Carrizales testified she was already en route
from a location “maybe a mile away” when she received notice that the vehicle
had been stopped and she proceeded directly to the location of the
detention.  

 





[4]Warren
testified Kirby was approaching a school zone. 






[5]Sutton
did not testify at the suppression hearing. 
Evidence of the specific, articulable facts which created Sutton’s
reasonable suspicion was testified to by Carrizales and Warren.  Carrizales testified concerning the details
of Sutton’s observations.  Warren
testified the complainant had seen some sort of bad driving and the complainant
was Sutton.  We further note Sutton
followed Kirby on his personal motorcycle, was present at the detention, and
conversed, albeit briefly, with Warren at the scene of the detention.  

 





[6]The
fact that Sutton was off duty does not affect his status as a police
officer.  See Moore v. State, 999
S.W.2d 385, 404 (Tex. Crim. App. 1999) (police officer who intervened in
burglary acted in his official capacity).

 





[7]Because
the requesting officer had sufficient specific, articulable facts to create
reasonable suspicion, this case is distinguishable from Jennings where the requesting officer lacked sufficient specific,
articulable facts to create reasonable suspicion or probable cause.  See
Jennings, 958 S.W.2d at 933 (State
failed to present evidence regarding the information known to officer who
allegedly made broadcast).





[8]The
record contains a written plea of nolo
contendere bearing Kirby’s signature. 
The Texas Department of Public Safety criminal history reporting form
also reflected a plea of no contest.