

In The

## Court of Appeals
### Seventh District of Texas at Amarillo

_____

No. 07-13-00084-CR

_____

EMILY KAY SMIRL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Court at Law No. 1
Randall County, Texas
Trial Court No. 2012-0017-1; Honorable James Anderson, Presiding

October 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pursuant to a plea bargain, Appellant, Emily Kay Smirl, was convicted of driving while intoxicated, a Class B misdemeanor, and sentenced to three days in county jail and assessed a $1,000 fine.[1]  By a sole issue, she questions whether the trial court's failure to suppress evidence seized pursuant to a warrantless search amounted to a

---

[1] TEX. PENAL CODE ANN. § 49.04(b) (West Supp. 2014).

denial of due process and a fair trial when she was detained without specific articulated facts giving rise to reasonable suspicion. We reverse and remand.

BACKGROUND

On January 1, 2012, at approximately 3:00 a.m., while at a stop sign in a residential area, Brian Jones, a Canyon Police Officer, observed a Ford F-150 pickup cross drainage dips at a high rate of speed.[2] He decided to follow the pickup and noticed the brakes were being applied "a lot." According to Officer Jones's testimony, he suspected the driver of the pickup was lost but also testified he believed the driver possibly lived in the area when he observed the pickup turn on Eighth Street.

When he later observed in his rear-view mirror that the pickup made a U-turn, he turned around and observed the pickup parked or moving slowly. He proceeded to a parking lot where he had a vantage point in observing the pickup's headlights. He observed the pickup turn east and then south. He then got behind the pickup to follow it because he "was wanting to see if [he] could get a stop on it . . . for a violation." The route taken by the pickup made Officer Jones suspicious so he conducted a stop.

Officer Jones testified that his reason for stopping the pickup was because it was New Year's Eve,[3] the pickup was braking randomly in a residential area and "prowling." He defined "prowling" as "[l]urking around in a general area with intent to commit criminal activity." Based on these activities, Officer Jones believed the driver was "up to no good" and he stopped the pickup. He approached the driver's side to identify the

---

[2] Officer Jones did not have his radar activated and did not indicate in his report that the driver of the pickup was speeding.

[3] Technically, it was already New Year's Day.

2

driver—Appellant.  He questioned her about her driving pattern.  She explained she had fought with her boyfriend, left his house and then turned around to return to his house. Officer Jones testified the explanation dispelled his initial reasonable suspicion. However, after their encounter, he had reasonable suspicion to believe Appellant was driving while intoxicated.  In response to his questioning, she admitted to consuming two or three beers several hours earlier.  After conducting field sobriety tests, Appellant was arrested for driving while intoxicated.  She consented to a breath test which showed her alcohol concentration to be above the legal limit of .08.[4]

Appellant filed a written motion to suppress evidence alleging her arrest was without a lawful warrant or other lawful authority in violation of her constitutional rights. A hearing was held on the motion at which Officer Jones was the only witness.  At the conclusion of his testimony, the trial court denied Appellant's motion and she agreed to a plea bargain.  Findings of fact were not requested by Appellant and none were filed.[5]

STANDARD OF REVIEW

Appellate review of a ruling on a motion to suppress is a bifurcated analysis. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).    Almost total deference is given to a trial court's determination of the historical facts that the record supports especially when the trial court's findings are based on an evaluation of credibility and demeanor.  *Id.*  However, for mixed questions of law and fact which do not fall within this category, an appellate court may conduct a *de novo* review of the trial court's ruling.

---

[4] Tex. Penal Code Ann. § 49.01(2)(B) (West 2011).

[5] *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding that upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings).

*St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Guzman*, 955 S.W.2d at 89. In other words, *de novo* review applies when the facts are undisputed. *State v. Jennings*, 958 S.W.2d 930, 932 (Tex. App.—Amarillo 1997, no pet.). Additionally, questions involving reasonable suspicion and probable cause should be reviewed *de novo. Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997).

In reviewing a trial court's ruling on a motion to suppress, appellate courts must view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). Where, as here, the trial court does not make explicit findings of fact, we infer the necessary factual findings that support the trial court's ruling as long as those implied findings are supported by the record. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). In a motion to suppress hearing, the trial judge is the sole trier of fact and judge of the weight and credibility of the evidence. *State v. Mendoza*, 365 S.W.3d 666, 669 (Tex. Crim. App. 2013). If the trial court's ruling is correct on any theory of law applicable to the case, it will be sustained. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials. *Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). To stop and temporarily detain a person, an officer must have specific, articulable facts that, when combined with rational inferences therefrom, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Terry*, 392 U.S. at 21; *Johnson v. State,* 414 S.W.3d, 184, 191-92 (Tex. Crim. App. 2013)*.* For

4

purposes of constitutional analysis, both investigative detentions and arrests are seizures of a citizen by law enforcement officers and implicate Fourth Amendment protections. *Johnson*, 414 S.W.3d at 191; *Martinez v. State*, 304 S.W.3d 642, 651-52 (Tex. App.—Amarillo 2010, pet. ref'd). The differences between the two are the degrees of intrusion involved and the different legal justifications required of each. *Martinez*, 304 S.W.3d at 652.

A police officer lawfully conducts a temporary detention when he has reasonable suspicion that an individual is involved in criminal activity. *Delafuente v. State*, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013). Reasonable suspicion requires more than a hunch; it exists only when an officer has specific, articulable facts that, taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude the person detained is, has been, or soon will be, engaging in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* at 492. A reasonable suspicion determination is an objective one made by considering the totality of the circumstances. *Id.* at 492-93.

At a hearing on a motion to suppress, a defendant must offer evidence that rebuts the presumption of proper police conduct, such as by alleging the search or seizure was executed without a warrant. *Abney v.State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). Once the defendant has made this threshold showing, the burden shifts to the State to prove the search or seizure was prompted by reasonable suspicion that an individual was violating the law. *Id.; Ford*, 158 S.W.3d at 492. The State does

not have to establish with absolute certainty that a crime occurred; it just has to carry its burden of proving that, under the totality of the circumstances, the seizure was reasonable. *Abney*, 394 S.W.3d at 548.

## ANALYSIS

By a sole issue, Appellant contends the trial court's denial of her motion to suppress denied her due process and a fair trial when Officer Jones detained her without reasonable suspicion. We agree.

Appellant's objection, *via* her motion to suppress,[6] to the warrantless arrest shifted the burden to the State to show that her detention was reasonable. According to Officer Jones's testimony, he stopped Appellant for the purpose of conducting an investigatory detention—i.e., Appellant was not free to leave. Such a detention requires an officer to have reasonable suspicion founded upon articulable facts that when combined with rational inferences therefrom, would lead him to reasonably suspect that criminal activity is afoot. *Hudson v. State*, 247 S.W.3d 780, 786 (Tex. App.—Amarillo 2008, no pet.). These facts must amount to more than a mere inarticulable hunch or suspicion. *Id.*

Officer Jones testified he had four years' experience as a Canyon Police Officer and was familiar with the neighborhood. He was at a stop sign on Fourth Street, the main drag, when he observed Appellant cross drainage dips without slowing down. He

---

[6] A motion to suppress evidence is nothing more than a specialized objection to the admissibility of that evidence. *See Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981).

then observed Appellant drive through a neighborhood braking "a lot" which made him suspicious she was "prowling."

Officer Jones testified Canyon is a quiet town, and the neighborhood where he followed Appellant was not a high crime area and there had been no recent criminal activity in the area. He testified Appellant was not speeding and did not commit any traffic violations. He simply deduced Appellant was involved in, or about to commit, criminal activity because she was driving in a neighborhood late at night, made a U-turn and then retraced her route while braking "a lot." He testified that his belief of Appellant's "prowling" gave him reasonable suspicion to stop her.[7]

We conclude from an objective determination of the totality of the circumstances that Officer Jones was not justified in stopping Appellant because his reasons for detaining Appellant amounted to nothing more than a hunch she was engaged in criminal activity and he lacked reasonable suspicion to detain her. Officer Jones merely suspected Appellant was "up to no good" and did not testify to any specific, articulable facts that, when taken together with reasonable inferences drawn from those facts would have lead an objective officer to believe Appellant had been or would soon be engaged in criminal activity. We decline to find that simply driving a motor vehicle in the middle of the night, in a peaceful residential neighborhood, while braking "a lot" and making a U-turn without more amounts to sufficient reasonable suspicion to conduct an investigatory detention. Appellant's issue is sustained.

---

[7] Officer Jones testified that burglaries occur mostly at night. However, although time of day may be a factor to consider in determining reasonable suspicion, it is not suspicious in and of itself. *Hudson*, 247 S.W.3d at 786.

7

CONCLUSION

Having conducted a *de novo* review, we find the trial court's implicit finding of reasonable suspicion is not supported by the record.  We hold the trial court erred in denying Appellant's motion to suppress.  The trial court's judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish.